**E-Filed on:** 11/5/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITZ FRESH, INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR MONDRAGON, and DOES 1 through 20, inclusive,<br><br>    Defendants. | No. C-08-02407 RMW<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT<br><br>**[Re Docket No. 10]** |

Plaintiff Fitz Fresh, Inc. moves for default judgment against defendant, Victor Mondragon. Mr. Mondragon has not appeared in this action. The court has considered the papers submitted in support of the motion, and for the reasons set forth below, the court grants Fitz Fresh's motion for default judgment.

## I. BACKGROUND

Fitz Fresh, Inc. grows and sells mushrooms in Freedom, California. Compl. ¶ 2. In January 2008, Mondragon entered into an agreement to buy mushrooms from Fitz Fresh. *Id.* ¶ 7. In late February and through the middle of March, Mondragon purchased numerous shipments of mushrooms worth over $15,000. *Id.* Mondragon, however, has not yet paid in full. *Id.* The following table reflects the invoice number, shipment date, invoice date, total due, and the amounts

1 still outstanding. *Id.*

| Invoice No. | Shipment Date | Invoice Date | Total Due | Amount Outstanding |
|---|---|---|---|---|
| 15158 | 2/22/2008 | 2/25/2008 | $620.00 | $137.50 |
| 15254 | 2/28/2008 | 2/29/2008 | $1,313.00 | $830.00 |
| 15271 | 2/29/2008 | 3/3/2008 | $879.00 | $879.00 |
| 15303 | 3/2/2008 | 3/3/2008 | $705.00 | $705.00 |
| 15326 | 3/3/2008 | 3/4/2008 | $370.00 | $370.00 |
| 15332 | 3/4/2008 | 3/5/2008 | $1,135.00 | $1,135.00 |
| 15364 | 3/5/2008 | 3/6/2008 | $650.00 | $650.00 |
| 15383 | 3/6/2008 | 3/7/2008 | $1,145.00 | $1,145.00 |
| 15403 | 3/7/2008 | 3/10/2008 | $319.00 | $319.00 |
| 15415 | 3/9/2008 | 3/10/2008 | $1,575.00 | $1,575.00 |
| 15448 | 3/10/2008 | 3/11/2008 | $1,325.00 | $1,325.00 |
| 15466 | 3/11/2008 | 3/12/2008 | $750.00 | $750.00 |
| 15496 | 3/13/2008 | 3/14/2008 | $950.00 | $950.00 |
| 15519 | 3/14/2008 | 3/17/2008 | $775.00 | $775.00 |
| 15545 | 3/16/2008 | 3/17/2008 | $885.00 | $885.00 |
| 15083 | 3/19/2008 | 3/21/2008 | $7??.00 | $253.50 |
| 15108 | 2/20/2008 | 2/21/2008 | $1,067.00 | $1,067.00 |
| 15130 | 2/21/2008 | 2/22/2008 | $1,452.00 | $1,452.00 |
| | | | Total Amount Outstanding: | $15,203.00 |

Payment was due within ten days following the invoice. Despite repeated demands by Fitz Fresh, Mondragon has failed to pay the outstanding balance on the mushroom shipments. *Id.* ¶ 12.

As reflected by the invoices, the shipments were sent to Mondragon in Rialto, California. Mondragon. It follows that Mondragon does business in California. *See* Compl. ¶ 2. Fitz Fresh is not, however, aware of Mondragon's PACA license number. *Id.* ¶ 5.

## II. ANALYSIS

Fitz Fresh moves for default judgment on its claims for, among other things, breach of contract. Fitz Fresh seeks judgment in the amount of $15,203.00 and prejudgment interest on that

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
C-08-02407 RMW
TSF                    2

sum. Though Fitz Fresh's complaint prayed for equitable relief, its motion for default judgment seeks only money damages.

Rule 55(b)(2) allows a plaintiff to move for the court to exercise its discretion to enter default judgment. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). In exercising that discretion, the court may consider a number of factors, including (1) whether denial will prejudice the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a factual dispute; (6) whether the default was due to excusable neglect; and (7) the "strong policy" in favor of decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

These considerations weigh in favor of entering default judgment. A denial of Fitz Fresh's motion for default judgment will be prejudicial because it will delay or prevent Fitz Fresh from getting paid for its mushrooms. The invoices requested payment within 10 days; over 180 days have passed since the payments were due. Fitz Fresh's claim is straightforward, and though its complaint is brief, it is sufficient to establish its claim for breach of contract. The sum of money at stake also justifies an entry of default judgment because further delay will cause the cost of litigation to consume the entire value of any future judgment on the invoices. Though it is impossible to know what factual disputes might arise, the partial payment of some of the invoices suggests that Mondragon recognizes that he owes Fitz Fresh money and that he received the mushrooms. It is also impossible to know if Mondragon's default was due to excusable neglect, but there is no basis apparent in the record to explain Mondragon's failure to appear.[1] Taken together, these interests trump the only factor counseling against entering default judgment – the "strong policy" favoring decisions on the merits. In conducting this weighing, the court takes special note of the amount of money at stake. Denying entry of default judgment to provide more procedure in the search for the truth here would do more harm than good. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 332-35 (1976)

---

[1] The only "warning flag" in the papers is that the invoices were sent to Mondragon at 2593 N. Fitzsimmons Avenue, Rialto, CA but he was served at 722 Mateo Street, Los Angeles, CA. *Compare* Compl. *with* Docket Nos. 4 (certificate of service). Mail sent to Mondragon at the address where he was served has since been returned as undeliverable. *See* Docket No. 11 (mail returned as undeliverable). If this discrepancy is material, Mondragon may be able to set aside his default.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
C-08-02407 RMW
TSF         3

(noting the flexibility of due process and considering the "probable value, if any, of additional or substitute procedural safeguards").

Fitz Fresh also seeks prejudgment interest of 10% per year pursuant to California law.[2] California law permits court to award prejudgment interest on contract claims. Cal. Civ. Code § 3287. Where the contract specifies the amount and the date the amount was due, a plaintiff is entitled to prejudgment interest and the interest accrues from the date the money was owed. *Id.* § 3287(a). On the other hand, "unliquidated" contract damages accrue prejudgment interest from the date of the filing of the complaint – at the earliest – and its award is left to the discretion of the court. *Id.* § 3287(b). Here, each invoice specified the amount due and the date by which payment was required, bringing Fitz Fresh's claims within section 3287(a). *Accord Ryland v. Heney*, 130 Cal. 426, 429-30 (1900); *Pacific Mut. Life Ins. Co. v. Fisher*, 106 Cal. 224, 233-34 (1895).

Where a contract does not stipulate an interest rate, California law imposes a 10% "per annum" prejudgment interest rate.[3] Cal. Civ. Code § 3289(b). Fitz Fresh does not propose what amount of interest results from applying that rate to the amounts owed by Mondragon.

Surprisingly, no authority clearly explains how to calculate this amount of interest. To begin, the interest charged is simple interest absent an explicit agreement by the parties to use compound interest. *Ninety Five Ten v. Crain*, 231 Cal. App.3d 36, 39-40 (1991); Rest. 2d Contracts § 354, cmt. a; 25 Williston on Contracts § 66:117 (4th ed.); *see also Westbrook v. Fairchild*, 7 Cal. App. 4th 889, 893-97 (1992) (vacating award of compound post-judgment interest). The next question is whether 10% "per annum" accrues only at the end of a year, or whether a court can award "per annum" interest for a fraction of a year. The court cannot find any authority explicitly

---

[2] Prejudgment interest on a state law claim, like Fitz Fresh's breach of contract claim, is determined by state law. *In re Banks*, 225 B.R. 738, 750 (Bankr. C.D. Cal. 1998) (explaining *Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir.1992)).

[3] Fitz Fresh's invoices include terms suggesting that the balance is subject to a monthly interest rate of 1.5%. Nearly identical provisions have been enforced to impose higher prejudgment interest rates. *See, e.g., C.H. Robinson Co. v. Marina Produce Co., Inc.*, 2007 WL 39311, *4 (N.D. Cal. Jan. 4, 2007) (Alsup, J.) (collecting cases); *Rey Rey Produce SFO, Inc. v. M & M Produce and Food Service Supplies, Inc.*, 2006 WL 1867633, *4 (N.D. Cal. Jul. 5, 2006) (Zimmerman, M.J.). Nevertheless, Fitz Fresh requested only 10% in its application for default judgment.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
C-08-02407 RMW
TSF                                                                 4

holding on this point, but it appears that the court can award interest accrued over a fraction of a year. In *Long v. Cuttle Construction Co.*, the judgment debtors wrote a check for the size of the judgment, but because the amount was so large, the bank placed a five-day hold on the check before cashing it. 60 Cal. App.4th 834, 836 (1999). The judgment creditors therefore sought post-judgment interest (over $5,000) for the five-day period. The opinion turns on the question of whether delivery of the check or clearance of the check discharged the judgment, suggesting that a five-day fraction of a "per annum" interest rate can be imposed, though the opinion makes no explicit holding in this respect. *See id.* at 837-38. This accords, however, with instructions by California appellate courts to award interest from a specific date to another specific date. *See, e.g., Reidy v. Miller*, 85 Cal. App. 764, 768 (1927).[4]

With those principles in mind, the court calculates prejudgment interest as follows. First, the court adds ten days to the invoice date to determine the date on which payments was due. The court then calculates the number of days that have elapsed between that date and the date of judgment to determine the number of days the payment on the mushroom shipment has been overdue. The court then divides that number by 365.25[5] and multiplies that quotient by 0.1 (the 10% "per annum" rate imposed by the California Civil Code). With that fractional interest rate calculated for each invoice date, the court multiplies each amount outstanding by its invoice's fractional interest rate to determine the interest owed on each shipment. This amounts to prejudgment interest of $973.25.

---

[4]     Counseling in the opposite direction is the plain meaning of the words "per annum." "Per annum" interest on a debt is not due until the end of the year. Where the lender wishes to receive interest more frequently, it does so, for example, by lending at a rate "per annum monthly." *Fuller v. White*, 33 Cal. 2d 236, 240 (1949). In *Fuller*, the California Supreme Court held that the "per annum monthly" interest provision "call[ed] for simple interest only." It then applied a statue of limitations such that "the interest was due monthly and . . . the action is barred insofar as concerns instalments of interest which accrued prior to the applicable limitation period." *Id.* While interpreting the phrase "per annum" to impose a simple interest payment only at the end of a complete year accords most closely with the text, it produces an absurd result. For example, in this case, the time between the debt and judgment is less than a year. A strict interpretation of "per annum" would imply that Fitz Fresh should recover no prejudgment interest. This would incentivize plaintiffs to, for example, hold back from requesting entry of judgment after a mere 364 days had elapsed since the debt was incurred, but to clamor for it after 365 days.

[5]     To accommodate for leap years, bearing in mind that 2008 was a leap year.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
C-08-02407 RMW
TSF                                                             5

### III.  ORDER

For the foregoing reasons, the court grants Fitz Fresh's motion for default judgment. Judgment shall be entered in favor of Fitz Fresh, Inc. in the amount of $16,176.25 against Victor Mondragon.

DATED:   11/5/2008

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1 **Notice of this document has been sent to:**

2 **Counsel for Plaintiff:**

3 Lester Paul Hart          PaulHart@JohnsonMoncrief.com

4 **Defendant:**

5 (no appearance)

6

7 Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

8

9

**Dated:**     11/5/2008                                    TSF
10                                                          **Chambers of Judge Whyte**